[Crim. No. 4027. Second Dist., Div. Three. Feb. 7, 1947.]

THE PEOPLE, Respondent, v. STANLEY J. ROBBINS, Appellant.

34

[REDACTED]

Gladys Towles Root for Appellant.

Robert W. Kenny, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

SHINN, J.—Appellant was found guilty in a trial before the court, without a jury, of two felony counts and appeals from the judgments of conviction.

About 9:15 or 9:20 p. m., July 22, 1945, Mr. and Mrs. Eric J. Carter parked their 1937 Buick four-door sedan at an unattended parking lot at Winston and Main Streets in Los Angeles. Mrs. Carter locked the doors to the car and they proceeded to a theater. Upon returning for the car about midnight that same date they found it to be missing; they had given no one permission to use it. The next time the Carters saw their car it was at a garage, one tire was flat, it was out of gas and the right-hand windbreaker glass was sprung loose. One Hogan testified that at approximately midnight on July 22, 1945, he was on the fire escape on the seventh floor of the Dorman Building, 741 South Flower Street, which overlooked a parking lot south of the building near Flower and Eighth, when he saw a man drive a sedan off Eighth Street onto the parking lot, stop, get out of the sedan and immediately walk to a car adjacent to where he had parked; that the man manipulated the front window near the driver's seat and opened the door by reaching through the window, got into the car, and rummaged through the glove compartment. He then saw the man attempting to gain entrance into a convertible coupe by tampering with the window. Hogan called the police, which took him about two minutes. When he returned the man he had seen was in the convertible and was going through the glove compartment. While going through the second car the man started to use a flashlight, which he had not done on the first car. Hogan continued to watch this man until the police officers

arrived, and saw them apprehend him. There was but one man on the lot before the police arrived, and Hogan called down to the police that appellant was the man he had seen get out of the car and go through the two parked cars. He then went down to the parking lot and identified appellant as the man who had driven into the lot and had entered the cars. The police officers, upon arresting appellant, took from him a flashlight, a long knife, a fountain pen, a screw driver and a 12-inch wire, the ends of which were bare and which is commonly called a jump wire. The Carter Buick was also recovered at this time, it being the car that had been driven onto the lot.

On that same July 22nd, at about 4 p. m., one Hilty, a witness for the People, had parked his car in the parking lot next to the parking lot near Flower and Eighth Streets, leaving his flashlight in the glove compartment of his car. Hilty had parked the car himself and locked it. The last time prior to the parking of his car that he had seen his flashlight was on the morning of the 22nd of July when he had washed and serviced his car. Hilty returned to his car about 12:10 a. m., July 23, and upon going to his automobile found it open, the right-hand window being broken and the glove compartment open. He searched the glove compartment and found that his flashlight was missing, although he had given no one permission to take it. Officer Hansen, after having asked Hilty if he lost a flashlight and receiving an affirmative reply, told him that he had a three-cell flashlight that they would like to hold as evidence and Hilty gave him permission to keep it. Hilty gave the value of the flashlight as approximately $3 and on the stand identified as his the flashlight taken from appellant.

Appellant denied on the stand that he had stolen the Carter automobile or any other automobile, stating that he had merely gone to the alley to urinate and was apprehended by police when he was leaving the lot. He testified that prior to going into the alley and lot he had gone to a theater for the evening. He further testified that he was beaten by the police officers in an attempt to make him confess and that he continually denied any complicity in the offenses. Appellant admitted his prior conviction as charged. No confession or admission was introduced in evidence by the People.

The sole ground of appeal is that the evidence was insufficient to justify the finding of guilt of violation of

section 503 of the Vehicle Code or of the charge of petty theft. It is insisted that there was no sufficient identification of defendant as the man who drove the Carter car onto the lot or as the man who was seen going through the other cars. It is pointed out that the witness Hogan was on a fire escape at the seventh floor of an adjoining building, and it is contended that he could not have identified defendant from that distance. His identification did not rest upon his ability to observe defendant from that distance with sufficient certainty to enable him to identify him later. His identification did not rest upon what he saw of defendant's features, clothing, or general appearance. He testified that the man who drove the Carter car onto the lot was the man who went through the other automobiles, using a flashlight in the second one which he did not use in the first one. He saw the officers arrive and from his distant location he called to the police, saying that the man they had taken into custody was the one he had seen get out of the car and go through the two parked cars, and he also pointed out the Carter car. He was then asked by the police to come down to the lot, which he did. His identification of defendant was based upon the fact that when he got to the lot he found that the man he had been watching and whom he pointed out, and who was under arrest, was the defendant. The record shows that the trial judge carefully weighed the testimony of the witness Hogan and found nothing therein which caused him to question its truth. The motor of the Carter car was still hot, showing that it had recently been driven, and there was no testimony that there was anyone other than defendant on the lot who might have driven it in. The officers testified that the flashlight was taken from defendant's pocket, and the owner of the first car that had been entered identified the flashlight as his own. Although the officers testified that they also took from defendant a long knife, a fountain pen, a screw driver, and a 12-inch piece of wire, defendant did not deny having had the wire in his pocket nor offer any explanation as to his purpose in carrying it. The trial judge might reasonably have believed that it was a wire that could have been used for the purpose of opening locked cars. There was sufficient evidence to support a finding that defendant was guilty of the two offenses of which he was convicted.

The judgments are affirmed.

Desmond, P. J., and Wood, J., concurred.